UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HITHAM ABUHOURAN, | ) | CASE NO. 4:06 CV 2505 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| UNITED STATES OF AMERICA, | ) | <u>AND ORDER</u> |
| | ) | |
| Defendant. | ) | |

On October 17, 2006 <u>pro se</u> plaintiff Hitham Abuhouran filed this action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) against the United States of America. In the complaint, plaintiff alleges that he has been exposed to excessive amounts of environmental tobacco smoke. He seeks $25,000,000.00 in damages.

## **Background**

Mr. Abuhouran was convicted on charges of bank fraud and money laundering and was sentenced on August 19, 1997 to 188 months of imprisonment. Mr. Abuhouran was initially housed in the Federal Correctional Institution in Fairton, New Jersey. He was transferred to the Federal Correctional Institution in Allenwood, Pennsylvania in June 1999. Mr. Abuhouran contends that at the time of his incarceration began, he was 39 years old and in good health.

Mr. Abuhouran was transferred to the Federal Correctional Institution in Elkton,

Ohio ("FCI-Elkton") on August 27, 2001. He indicates he was assigned to the A/B Housing Unit and placed in Cube # 38. Cube #38 is in close proximity to the common inmate bathroom. Mr. Abuhouran claims he began to experience a deterioration in his health due to his inhalation of environmental tobacco smoke that filtered into his cube at night. He alleges that although FCI-Elkton's policy limits all smoking to designated outdoor areas, inmates regularly go into the common bathroom to smoke at night when the outdoor smoking areas are inaccessible to the inmates. He states he complained verbally to staff members about the smoke and asked to be moved to a different cube. He also sent written communications to Warden Morrison and to his Unit Staff indicating that he was experiencing headaches, eye irritation, and sinus problems as a result of exposure to the tobacco smoke. He was told by Warden Morrison that smoking in the bathroom areas was not permitted and that he should report any violators to Unit Staff. He contends that this response did not adequately address his concerns.

On September 13, 2001, Mr. Abuhouran was placed in the Special Housing Unit ("SHU"). When he was released to the general population on November 5, 2001, he was assigned to Cube # 36. He claims this cube is the closest to the bathroom. He signed up for sick-call on November 29, 2001 and was seen by a physician's assistant. Mr. Abuhouran contends that the physician's assistant wrote a recommendation that he be kept away from smoking areas, but his cube assignment was not altered. He signed up for sick-call again on December 7, 2001, complaining that he was beginning to experience asthma attacks at night as a result of exposure to tobacco smoke. Dr. Quinn prescribed medications for asthma and high blood pressure and provided him with an inhaler. Mr. Abuhouran's cube assignment remained unchanged.

In late December 2001, Mr. Abuhouran spoke to Assistant Warden Ralph Montalvo regarding his medical problems. After that conversation, Mr. Abuhouran was assigned to Cube #60

which is much further away from the bathroom area. This arrangement proved to be temporary. A few days later, on January 3, 2001, Mr. Abuhouran was given a direct order to move to Cube #15 which is next to his former Cube #36 and very close to the bathroom. He made several attempts to be moved back to Cube # 60 but was unsuccessful. At some point in February 2002, Mr. Abuhouran was moved from the A/B unit to the A/A unit at FCI-Elkton. Mr. Abuhouran claims that the A/A and the A/B units are identical, and his new Cube, # 22, was approximately 10 feet from the bathroom area.

On July 2, 2002, Mr. Abuhouran was transported to the Eastern District of Pennsylvania to be tried on additional charges. While he was awaiting trial, he was housed in Unit 6 of the Federal Detention Center in Philadelphia, Pennsylvania ("FDC-Philadelphia"). Mr. Abuhouran states that he was placed in a cell with a man who smoked 3 to 4 packs of cigarettes every night. He requested an immediate cell change due to his asthma. He claims FDC-Philadelphia officials retaliated against him for complaining about his exposure to tobacco smoke. He contends he was initially transferred to a cell that flooded when it rained. He filed a grievance against his Unit Counselor and an hour later he was transferred to Unit 6 North, which is run by the same unit counselor, and was assigned to Cell #25 to reside with a heroin addict who smoked incessantly and was taking methadone. He pleaded with the counselor to move him to a different cell. After three months, he was placed in a cell with no other inmates. Mr. Abuhouran claims he was then sent to the segregation unit for 12 days for refusing to withdraw a grievance he had filed. Upon his release, he filed an Inmate Request to Staff form asking his Unit Counselor to enforce the non-smoking policy. As a result of his request, Unit Counselor Mr. Stremmel held a "town-house meeting" and informed the other inmates that Mr. Abuhouran was complaining about the amount of tobacco smoke in the unit and reminded them that they were not permitted to smoke in their

cells. (Compl. at 13.) Mr. Abuhouran indicates that he received numerous threats after this meeting and stopped leaving his cell for fear of reprisals. He filed a grievance against Mr. Stremmel on January 2, 2004. He claims he was then placed in the segregation unit where he remained until his transfer back to FCI-Elkton on March 2, 2004.

FCI-Elkton became a non-smoking facility on July 30, 2004. Only Staff members are permitted to smoke on the prison grounds and they must do so outside of the buildings in the shacks which were once designated for inmate smoking use. Inmates are prohibited from using tobacco products. Mr. Abuhouran claims that smoking still occurs in the FCI-Elkton. He alleges the "black market" in cigarette sales is flourishing and indicates that two staff members were recently fired for smuggling cigarettes into the institution for sale to the inmates. He further claims that FCI-Elkton is over its maximum population capacity and its ventilation system is poor. Mr. Abuhouran claims he still suffers from a number of chronic conditions which he attributes to his exposure to environmental tobacco smoke.

## **Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, several of Mr. Abuhouran's claims are dismissed pursuant to §1915(e).

As an initial matter, Mr. Abuhouran filed a Bivens[2] action on March 24, 2006 in the United States District Court for the District of Columbia based on the same set of facts. That action, Abuhouran v. Morrison, Case No. 4:06 CV 1207, was transferred to the Northern District of Ohio on May 15, 2006 and was assigned to United States District Judge John R. Adams. Judge Adams dismissed the claims against the FCI-Elkton defendants pursuant to 28 U.S.C. § 1915(e) on August 10, 2006, finding that Mr. Abuhouran failed to state a claim upon which relief could be granted.[3] The claims against FDC-Philadelphia officials were dismissed without prejudice pursuant to 42 U.S.C. §1997e for failing to exhaust administrative remedies. Mr. Abuhouran filed an appeal of that decision to the United States Sixth Circuit Court of Appeals. The Appeal is still pending.

Thereafter, Mr. Abuhouran filed the within action on October 17, 2006 using the same facts as set forth in the complaint in Case No. 4:06 CV 1207 but asserting claims under the FTCA rather than Bivens. Because the claims based on the actions of the FCI-Elkton officials were dismissed with prejudice in the previous action, Mr. Abuhouran cannot now re-litigate those claims under a different legal theory of liability. The doctrine of res judicata dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or

---

[2] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

[3] Specifically, Judge Adams determined that Mr. Abuhouran's claims which pertained to his first incarceration in FCI-Elkton were barred by the applicable statute of limitations period. His administrative tort claim pertaining to these incidents was also denied by the Bureau of Prisons on statute of limitations grounds. Judge Adams dismissed Mr. Abuhouran's claims which pertained to his second incarceration at FCI-Elkton on the ground that he failed to allege any conduct which suggested the Eighth Amendment had been violated.

from raising a new defense to defeat the prior judgment.  Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 918 F.2d 658, 660 (6th Cir. 1990).  It bars re-litigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action.  Id.  The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources.  Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981).  A subsequent action will be subject to a res judicata bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action.  Both of these requirements are met in this case.  Plaintiff is therefore precluded from litigating his claims based on the actions of FCI-Elkton officials for a second time.

Furthermore, while Mr. Abuhouran's claims against FDC-Philadelphia officials were dismissed without prejudice, he can only bring claims based on their actions under FTCA to the extent that the claims were properly exhausted.  Mr. Abuhoruan submitted an administrative tort claim to the Bureau of Prisons on December 2, 2005 claiming:

> Plaintiff was adversely affected from secondhand smoke while being housed at FCI-Elkton and FDC-Philadelphia due to improper ventilation in the buildings wherein the buildings in question were made "smoke free."  The negligence by the defendants caused plaintiff impairment of his health including shortness of breath, coughing spasms, cell destruction, deterioration of plaintiff's health status, damage to kidneys, nerve system, increase damage to heart, high blood pressure, poor blood circulation and increase risk of blood clots and heart attacks, lost [sic] of memory and damage to plaintiff's vision.

(Compl. Ex. 4.)  Mr. Abuhouran's claim did not include any mention of retaliation, flooding of his cell, or even negligence in the institution's failure to enforce its non-smoking policy.  The only claim contained in the administrative request form concerned improper ventilation at the facility.  Consequently, all other claims against the United States based on conditions at FDC-Philadelphia

6

are dismissed without prejudice for failing to exhaust administrative remedies. This action shall proceed solely on Mr. Abuhouran's claim concerning the ventilation at FDC-Philadelphia.

## Conclusion

Accordingly, plaintiff's claims against the United States based on the actions of FCI-Elkton officials are dismissed with prejudice pursuant to 28 U.S.C. §1915(e). This action shall proceed solely on the claims based on the ventilation system at FDC-Philadelphia. All other claims based on the actions of FDC-Philadelphia officials are dismissed without prejudice for failing to exhaust administrative remedies pursuant to 28 U.S.C. § 2675. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4] The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendant.

IT IS SO ORDERED.

s/Peter C. Economus - 1/12/07
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.