UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HITHAM ABUHOURAN, | ) | CASE NO. 4:06 CV 2505 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

Plaintiff Hitham Abhouran filed a Motion for Reconsideration (ECF #14) on March 26, 2007 asking this court to alter its judgment dismissing his case.  For the reasons set forth below, the Motion is **denied**.

Mr. Abuhouran filed this action under the Federal Tort Claims Act, 28 U.S.C. §1346(b) against the United States of America on October 17, 2006.   In the complaint, plaintiff alleged that he has been exposed to excessive amounts of environmental tobacco smoke at FCI-Elkton and at FDC-Philadelphia.  He further claimed that the ventilation system at FDC-Philadelphia was faulty.  He sought $25,000,000.00 in damages.

This court dismissed all of Mr. Abuhouran's claims except his claim pertaining to the ventilation system at FDC-Philadelphia.  The court found that Mr. Abuhouran had filed a

Bivens[1] action on March 24, 2006, Abuhouran v. Morrison, Case No. 4:06 CV 1207, asserting claims based on the same set of facts.  United States District Judge John R. Adams dismissed the claims against the FCI-Elkton defendants pursuant to 28 U.S.C. § 1915(e) on August 10, 2006, finding that Mr. Abuhouran failed to state a claim upon which relief could be granted, and dismissed the claims against FDC-Philadelphia officials without prejudice pursuant to 42 U.S.C. §1997e for failing to exhaust administrative remedies.  Thereafter, Mr. Abuhouran filed the within action which alleged the same facts as set forth in the complaint in Case No. 4:06 CV 1207 but asserted claims under the FTCA rather than Bivens.  This court concluded that Mr. Abuhouran was barred by the doctrine of res judicata from re-litigating those claims under a different legal theory of liability.  In addition, the court determined that while Mr. Abuhouran's claims against FDC-Philadelphia officials were dismissed without prejudice, he can only bring claims based on their actions under FTCA to the extent that the claims were properly exhausted.   The only claim contained in the administrative tort request form submitted to the Bureau of Prisons concerned improper ventilation at the facility.  Consequently, the only claim that could go forward was Mr. Abuhouran's claim concerning the ventilation at FDC-Philadelphia.  All of his other claims were dismissed.

      Mr. Abuhouran has now filed this Motion seeking reconsideration of the dismissal of those claims.  Specifically, he claims he clearly pled the tort of negligent enforcement of the non-smoking policy in his complaint.  He states that a negligence claim has different elements than a Bivens claim, and the two are distinct causes of action.  He contends therefore that his claims against FCI-Elkton were not barred by the doctrine of res judicata.

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

In the Sixth Circuit, a Motion for Reconsideration is construed as a Federal Civil Rule 59(e) Motion.  In requesting relief under Rule 59, Mr. Abuhouran was required to file his Motion to alter or amend within 10 days from the date of the January 12, 2007 judgment he seeks to alter.  FED. R. CIV. P. 59(e).  His motion was filed on March 26, 2007, well beyond the 10 day deadline from this court's judgment.

Mr. Abuhouran contends that his Motion was timely.  He claims he "was not served with copy [sic] from the clerk of this memorandum of opinion and order of this court until the clerk provide [sic] the plaintiff with copy [sic] of the docket sheets entries.  Under the prison mail box rule, this motion to reconsider is timely... ."  The period of time for filing a Rule 59(e) Motion does not begin with service of the Judgment Entry, nor does it begin with the date of the court's order. FHC Equities v. MBL Life Assurance Corp., 188 F.3d 678, 681 (6th Cir. 1999).  Instead, the 10 days permitted by Rule 59(e) begin with the clerk's ministerial act of entering the court's judgment on the civil docket.  Id. Consequently, the 10 day limitation period in the present case began to run on September 20, 2000.  Because FED. R. CIV. P. 6(e) does not apply to Rule 59(e) Motions, plaintiff is not entitled to an additional 3 days for service by mail.  Id.  While prisoners do get the benefit of the Mailbox Rule, Mr. Abuhouran misconstrues the nature of this rule.  The Mailbox Rule dictates that a motion is considered to be filed in federal court on the day the prisoner places the motion in the prison mail system for delivery to the court.  See Houston v. Lack, 487 U.S. 266, 270 (1988).  It doesn't expand the limitations periods based on the date that the prisoner receives a document in the mail.  District Courts do not have the customary discretion given by FED. R. CIV. P. 6(b) to enlarge the Rule 59(e) limitation period.  FHC Equities, 188 F.3d at 681.  Mr. Abuhouran's Motion  for Reconsideration (ECF #14) is **denied** as untimely.

Moreover, even if the Motion were timely filed, it lacks merit.  Federal Rule of Civil

Procedure 59(e) permits a party to file a motion to alter or amend a judgment.  Fed. R. Civ. P. 59(e).  Such a motion, however, should be granted only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice."  <u>Gencorp, Inc. v. Am. Int'l Underwriters Co.</u>, 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted).  Consequently, motions to reconsider must rely on new information which was not readily available during the prior proceedings.  A motion under Rule 59(e) is not an opportunity to re-argue a case,  <u>Sault Ste. Marie Tribe of Chippewa Indians v. Engler</u>, 146 F.3d 367, 374 (6th Cir. 1998), nor is it a proper vehicle to "raise arguments which could, and should, have been made before judgment issued." <u>Id.</u>

      Mr. Abuhouran's Motion raises arguments which were addressed in the Court's Memorandum of Opinion and Order.  The court is well aware that Mr. Abuhouran was attempting to re-litigate a previously dismissed case by asserting a new legal theory of liability.  As this court noted in the Memorandum of Opinion and Order, the doctrine of <u>res judicata</u> bars re-litigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action.  <u>Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 918 F.2d 658, 660 (6th Cir. 1990).  There was no clear error of law in this court's determination that Mr. Abuhouran's claims were bared by the doctrine of <u>res judicata</u>.

## **Conclusion**

      Accordingly, plaintiff's Motion for Reconsideration (ECF #14) is **denied**.

IT IS SO ORDERED.

          S/Peter C. Economus - 5/22/07
          PETER C. ECONOMUS
          UNITED STATES DISTRICT JUDGE