UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HITHAM ABUHOURAN,** | ) | Case No.  4:06CV2505 |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PETER C.  ECONOMUS** |
| | ) | **Magistrate Judge George J.  Limbert** |
| **v.** | ) | |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | **ORDER** |
| **Defendant.** | ) | |

This matter is before the Court on a Motion to Change/Transfer venue to the United States District Court for the Eastern District of Pennsylvania filed by Defendant United States of America ("Defendant").  ECF Dkt. #16.  For the following reasons, the Court GRANTS Defendant's Motion to Transfer this Action.

**I.  FACTS**

On October 17, 2006, Plaintiff Hitham Abuhouran filed the instant action alleging claims under the Federal Tort Claims Act based on the actions of government officials in Pennsylvania and Ohio.  ECF Dkt. #1.  On January 12, 2007, the Court dismissed the claims against the Ohio officials based upon res judicata from a ruling in case No. 4:06CV1207 by District Judge John R. Adams, also dismissed the claims against the Pennsylvania officials for failure to exhaust administrative remedies, and left the case to proceed against the United States solely on the claims based on the ventilation system at

-1-

FDC-Philadelphia.  ECF Dkt. #6.

On March 12, 2007, Plaintiff filed a notice of appeal to the Sixth Circuit which was subsequently denied.  ECF Dkt. #9, 22.  In the meantime, on March 26, 2007, Plaintiff filed a motion to reconsider the Court's January 12, 2007 Order which was denied.  ECF Dkt. #14, 24.

On April 6, 2007, Defendant filed the instant motion to change/transfer venue to the Federal District Court of the Eastern District of Pennsylvania.  ECF Dkt. #16.

**II.     ANALYSIS**

All of the claims in the Complaint have been dismissed except for the claims based on the ventilation system at FDC-Philadelphia.  *See* ECF Dkt. #6.  Defendant moves this Court pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure to dismiss and/or transfer this case based upon a more convenient and appropriate venue in the District in which the events that gave rise to the present law suit occurred.  ECF Dkt. #16.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

Defendant asserts that the relevant documents, the ventilation system at FDC Philadelphia and the individuals that maintain this system are all located in Philadelphia, Pennsylvania.  *Id.* at 2.  Defendant concludes that transfer would alleviate the need for these key witnesses to travel to Ohio and would promote judicial economy and the fair and efficient administration of this matter.  *Id.*  Further, the Court notes that Plaintiff has

-2-

been transferred to Federal Camp Canaan in Waymart, Pennsylvania.  *See* ECF Dkt. # 27.  Therefore, for the convenience of the parties and witnesses, the Court orders the transfer of this case to the United States District Court for the Eastern District of Pennsylvania.

### III.     CONCLUSION

Defendant's Motion for Transfer this Action is **GRANTED** and this case is transferred to the United States District Court for the Eastern District of Pennsylvania.  ECF Dkt. #16.

**IT IS SO ORDERED.**

**/s/ Peter C. Economus – June 12, 2007**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**